LOBRANO, Judge.
We granted certiorari to consider the issue of whether the substantive maritime law of the United States or foreign law is to be applied in this case.[1] The trial judge ruled that American law is applicable. Defendant sought writs to this court to review that ruling.
Plaintiff George Beasley, a U.S. citizen, was injured while working in Malaysian waters aboard the Derrick Barge 52 (DB-52) owned by Malmac Sdn. Bhd. (Malmac), a Malaysian Corporation. Malmac is 70% owned by Malaysians and 30% by McDer-mott International, Inc. (Mil). Mil is a foreign corporation registered under the laws of Panama. The DB-52 is a non-self-propelled barge that is registered under the laws of Malaysia and operates principally in Malaysian Waters.
Prior to plaintiffs injury he signed an employment contract with Mil on November 20, 1990. That agreement was apparently signed by Beasley while aboard another derrick barge, the DB-26, while working off the Malaysian coast.[2] This employment contract was assigned to Malmac whenever an employee of Mil worked for Malmac in Malaysian territory. There is an addendum to the contract wherein Beasley acknowledged this assignment.
Summarizing, plaintiff is a U.S. Citizen employed by a Panamanian Corporation, who was injured while working on a Malaysian vessel, in the territorial waters |gof Malaysia. The issue is whether, under these facts, the plaintiff can recover under the Jones Act and U.S. general maritime law in his lawsuit filed against Mil in Civil District Court.
Two U.S. Supreme Court cases, Lauritzen v. Larsen, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1953) and Hellenic Lines Limited v. Rhoditis, 398 U.S. 306, 90 S.Ct. 1731, 26 L.Ed.2d 252 (1970), are controlling.[3] Those two cases set forth eight basic factors to be considered in deciding this issue. Often referred to as the Lauritzen v. Rhoditis factors, they are: “(1) the place of the wrongful act (here, Malaysian waters); (2) the law of the flag (the DB-52 is flagged in Malaysia); (3) the allegiance or domicile of the injured worker (Beasley is a U.S. Citizen); (4) the allegiance of the defendant shipowner (the DB-52 is owned by Malmac, which is 70% Malaysian and 30% Panamanian); (5) the place of the contract (Malaysian waters); (6) the inaccessibility of the foreign forum (unknown, no evidence); (7) the law of the forum, and (8) the vessel owner’s base of operations (Malaysia).”
In Powell, supra, ftn. 3, our Supreme Court analyzed the Lauritzen v. Rhoditis factors and concluded no one factor is controlling. The court, however, recognized that the “law of the flag (meaning the country where a vessel is registered) is perhaps the most important factor_” Id. at 87. It also recognized that the allegiance or domicile of the injured plaintiff is an important “counterweight” to the law of the flag.
In the case before us, the law of the flag and the plaintiffs domicile equally counterbalance each other. However, unlike Powell, all of the other factors (except perhaps, law of the forum, which Lauritzen noted carried little weight) favor application of Malaysian *1221 law. We do not find Powell controlling and therefore reverse the ruling of the trial court. Plaintiffs claims should be decided under the applicable Malaysian law.
REVERSED AND REMANDED.

. Neither personal jurisdiction over defendant, nor forum non conveniens are issues in this writ application.

. Previous to this contract, Beasley had been working under a contract that had been executed in the United States.

.Federal substantive admiralty or maritime law controls. See, Powell v. McDermott International, 588 So.2d 84 (La.1991).